ZIEVE, BRODNAX & STEELE, LLP
Ryan M. Davies, Esq. #192598
Leslie M. Klott, Esq. #279622
Erin M. McCartney, Esq. #308803
30 Corporate Park, Suite 450
Irvine, CA 92606
Phone: (714) 848-7920
Facsimile: (714) 908-7807
Email: bankruptcy@zbslaw.com

Counsel for Movant, Consumer Portfolio Services, Inc.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>William Robert Radke and Catherine Ann Radke,<br><br>     Debtors. | Case No.: 12-47553<br><br>RS No. RMD-96117<br><br>CHAPTER 13 |
| Consumer Portfolio Services, Inc., its assignees and/or successors in interest,<br><br>     Movant,<br><br>vs.<br><br>William Robert Radke and Catherine Ann Radke, Debtors,<br>Martha G. Bronitsky, Trustee,<br><br>     Respondents. | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY (PERSONAL PROPERTY)**<br><br>**HEARING:**<br>Date:  July 29, 2016<br>Time:  10:00 a.m.<br>Place:  United States Bankruptcy Court<br>     Courtroom 215<br>     1300 Clay Street<br>     Oakland, CA 94612 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY (PERSONAL PROPERTY)

Consumer Portfolio Services, Inc. ("Movant") hereby moves this Court for relief from the automatic stay of 11 U.S.C. §362(a) based upon the following:

1

1. Debtor Catherine Radke entered into a Retail Installment Sale Contract-Simple Finance Charge ("Contract") dated August 16, 2014, for the purchase of a 2005 Mitsubishi Galant, Vin 4A3AB56S05E056127 ("the Vehicle") with Concord Kia and Mitsubishi of Concord, California. Attached to the list of Exhibits filed herewith as **Exhibit "1"** is a true and correct copy of the Contract. The Contract was subsequently assigned to Movant in the ordinary course of Movant's business. (See Declaration of Angelica Correa, filed herewith).

2. Movant is, and has been since the date of this transaction, the legal owner and lienholder of record of the vehicle subject of this Motion. Attached to the list of Exhibits filed herewith as **Exhibit "2"** is a true and correct copy of a printout of the electronic title records maintained by the Department of Motor Vehicles evidencing Movant's perfected interest in the Vehicle. (See Declaration of Angelica Correa, filed herewith).

3. On September 12, 2012 Debtors initiated this case by filing a petition for relief under Chapter 13 of the Unites States Bankruptcy Code in this Court, identified as Case No. 12-47553. The Debtor Catherine Ann Radke purchased the Vehicle post-petition.

4. As of the date of the filing of this Motion, the Debtor was indebted to Movant under the terms of the Contract in the principal sum of $10,956.88. Attached to the list of Exhibits filed herewith as **Exhibit "3"** is a printout of the Debtor's account history with Movant. (And See Declaration of Angelica Correa).

5. The present value of the Vehicle is $3,545.00, according to the *Kelley Blue Book* website [www.kbb.com]. A true and correct printout of the Kelley Blue Book valuation for the Vehicle is attached as **Exhibit "4"** to the list of Exhibits filed in herewith. The Kelley Blue Book is a source regularly relied upon by Movant in the ordinary course of its business and by others in the motor vehicle industry, and is regularly relied upon by courts for vehicle valuation data. (And See Declaration of Angelica Correa). The Kelley Blue Book qualifies as a Market Report or Commercial Publication under the meaning of Federal Rule of Evidence 803(17), and

2

thus is excepted from the rule against hearsay, and is considered reliable and admissible valuation evidence. *In re Young*, 390 B.R. 480 (Bankr. D. ME 2008).

6. The Debtor is in default under the Contract by failing to tender the regular monthly installment in the amount of $333.13 which first come due on February 15, 2016 and each monthly installment that has come due since that date. (See Declaration of Angelica Correa)

7. Attached as **Exhibit "5"** to the list of Exhibits filed herewith is a post-petition account statement based upon the Debtor account history with Movant. (See Declaration of Angelica Correa).

8. Movant alleges that good cause exists to grant relief from stay as follow:

(a) Cause exists to terminate the stay pursuant to 11 U.S.C. §362(d)(1) as Movant's interest in the Vehicle is not adequately protected in the absence of regular monthly payments due to the depreciating nature of motor vehicles due to use and age. (See **Exhibit "3"**, account history). Movant has not been compensated for the loss in the value of its security and, therefore, it is not adequately protected.

(b) Cause further exists to terminate the stay pursuant to 11 U.S.C. §362(d)(1) as Debtors are in default under the Contract, having failed to tender ongoing monthly installment payments in the amount of $333.13 from and after February 15, 2016.

(c) Cause further exists to terminate the stay pursuant to 11 U.S.C. §362(d)(2) as the amount due and owing to Movant when compared with the value of the Vehicle leaves no equity in the Vehicle for the benefit of the debtor. (See Paragraphs 5 and 6 above, and Declaration filed herewith). Further, this particular Vehicle is not necessary for an effective reorganization as it does not constitute an irreplaceable asset.

10. Under these circumstances, it would be unfair and inequitable to delay Movant from proceeding under non-bankruptcy law to enforce its rights and remedies.

**WHEREFORE,** Movant prays judgment as follows:

1. Terminating the automatic stay as to Movant, its successors and assigns;

2. Allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies to repossess and sell the Vehicle;

3. That the Order be binding an effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;

4. That the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived;

5. For such other and further relief as the court deems just and proper.

DATED: July 11, 2016  ZIEVE, BRODNAX & STEELE, LLP

*/s/ Ryan M. Davies*

By: Ryan M. Davies
Counsel for Movant, Consumer Portfolio Services, Inc.